UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON SHIVERS,

                Petitioner,          Case No. 2:15-cv-11625
                                                  Hon. Victoria A. Roberts

v.

SHANE PLACE,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Devon Shivers was convicted after a jury trial in the Saginaw Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83; first-degree home invasion, MICH. COMP. LAWS § 750.110a; carrying a dangerous weapon with unlawful intent, MICH. COMP. LAWS § 750.226; and three counts of possession of a firearm during a felony (felony-firearm). MICH. COMP. LAWS § 750.227b. As a result of his convictions, Petitioner is serving a controlling term of 356 months-to-60 years for the assault with intent to murder conviction, lesser concurrent terms for his other convictions, and a consecutive 2-year term for the felony-firearm convictions.

The petition raises a single claim: Petitioner was denied his constitutional right to counsel of choice when the trial court refused to grant an adjournment to allow retained counsel time to prepare for trial. The Court finds that Petitioner's claim was reasonably adjudicated by the state courts. Therefore, the petition is denied. The Court also denies Petitioner a certificate of appealability, but grants permission to proceed on appeal in forma pauperis.

I. Background

This Court recites verbatim the relevant facts as summarized by the Michigan Court of Appeals in its opinion affirming Petitioners' conviction. This recitation of the facts is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of a shooting at a home in Saginaw, Michigan. The prosecution argued that defendant, upset over being swindled by Dontae Martin in a drug deal, entered the home of Dontae's mother and shot her five times. Defendant argued that he was not the perpetrator and that this case was a matter of mistaken identity.
>
> Defendant's trial was originally scheduled to start on February 10, 2011. But on the day trial was scheduled to begin, defendant asked the court to appoint substitute counsel. He contended that his present counsel did not visit him frequently enough and that he did not trust his counsel. The trial court granted defendant's request and adjourned the trial, but it warned defendant that on the next trial date, the trial would go forward as scheduled.
>
> On the rescheduled trial date of April 19, 2011, defendant again sought to change lawyers and requested an adjournment so that Mr. Czuprynski, counsel retained by his family members, could prepare to defend the case. Defendant again contended that his appointed counsel had not visited him frequently enough and that he did not trust appointed counsel. The trial court fully explored the circumstances leading to the trial-day request for new counsel and an adjournment. While not denying defendant his right to substitute counsel should retained counsel choose to appear and take over the case, the trial court refused to adjourn the trial:
>
>> The county has paid $1110 to bring the jurors in today. Mr. Czruprynski's [sic] known about this for three weeks, never once made any effort to contact the Court to determine when a trial date was until 11:30 today, and by then it was too late to call off jurors.
>>
>> We are going to proceed with trial today . . . .
>>
>> * * *
>>
>> [H]e knew it was set for this afternoon. He chose to go to depositions, chose not to contact the Court for three weeks after he had received this retainer.

2

> This is a capital case. Defendant's in jail. This is the second trial setting. He's had -- on the day of trial last time, he asked for a new attorney and was granted a new attorney, and now it's the second day of trial and here we are again asking for a new attorney.
>
> I'm not going to deny him a new attorney, but we are going to pick a jury this afternoon. If Mr. Czruprynski [sic] wants to come here and sit with [defense counsel] and try the case tomorrow, that's his choice. If he chooses not to, [defense counsel] will try the case.
>
> The trial court also noted that the victim, who was likely anxious, was prepared for a second time to testify. The trial court gave Czuprynski's associate, who was present at the hearing, an opportunity to call Czuprynski and ascertain whether he wished his associate to assist defendant in picking a jury. Czuprynski's associate later advised the court that Czuprynski would pass on the case because he was not prepared for trial. The trial took place, and defendant was represented by his appointed counsel.

*People v. Shivers*, No. 305426, 2014 WL 310194, at *1-2 (Mich. Ct. App. Jan. 28, 2014) (footnotes omitted).

After sentencing Petitioner filed a claim of appeal in the Michigan Court of Appeals. His brief on appeal raised two claims:

> I. The trial court violated defendant's constitutional right to counsel of his choice when it refused to grant a brief adjournment for retained counsel to prepare for trial and represent defendant at trial.
>
> II. Defendant is entitled to a re-sentencing where points were erroneously scored under OV 5 (psychological injury to victim's family) and OV 9 (number of victims). The scoring error increased defendant's guidelines range and resentencing is required.

The Michigan Court of Appeals affirmed. *Id*.

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same two claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Shivers*, 847 N.W.2d 626 (Mich. 2014) (Table).

II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court adjudication is "contrary to" Supreme Court precedent under § 2254(d)(1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a [different result]." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (internal quotation marks omitted). Under the "unreasonable application" clause of § 2254(d)(1), habeas relief is available if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008) (internal quotation marks omitted). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous," but rather "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citations omitted). Indeed, under the "unreasonable application" clause of § 2254(d)(1),

> even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*White v. Woodall*, U.S. ; 134 S. Ct. 1697, 1702; 188 L. Ed. 2d 698 (2014) (citations, quotation marks, and alterations omitted). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, U.S. ; 135 S. Ct. 1372, 1376; 191 L. Ed. 2d 464 (2015). "Federal habeas review thus exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[W]hether the trial judge was right or wrong is not the pertinent question under AEDPA." *Renico v. Lett*, 559 U.S. 766, 778 n.3 (2010). The question is whether the state court's application of federal law was "objectively unreasonable." *White*, 134 S. Ct. at 1702. In short, the standard for obtaining federal habeas relief is "difficult to meet . . . because it was meant to be." *Burt v. Titlow*, U.S. ; 134 S. Ct. 10, 16; 187 L. Ed. 2d 348 (2013)(internal quotation marks omitted).

### III. Analysis

Petitioner claims that his Sixth Amendment right to counsel of choice was denied when the trial court denied his motion to adjourn his trial so that his retained attorney would have time to prepare for trial. The Michigan Court of Appeals denied the claim on the merits. Respondent asserts that the decision of the state court did not unreasonably apply clearly established Supreme Court law, and the claim should therefore be denied under § 2254(d). The Court agrees.

The Sixth Amendment right to the assistance of counsel does not guarantee a criminal defendant that he or she will be represented by a particular attorney. *Serra v. Michigan Department*

*of Corrections*, 4 F. 3d 1348, 1351 (6th Cir. 1993) (citing *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989)). A criminal defendant who has the desire and the financial means to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *Id*. (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). Indeed, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006)(quoting *Caplin & Drysdale*, 491 U.S. at 624-25).

While a criminal defendant who can afford his or her own attorney has a right to a chosen attorney, that right is a qualified right. *Serra*, 4 F. 3d at 1348 (citing to *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Stated differently, the right to counsel of one's own choice is not absolute. See *Wilson v. Mintzes*, 761 F. 2d 275, 280 (6th Cir. 1985). "Although a criminal defendant is entitled to a reasonable opportunity to obtain counsel of his choice, the exercise of this right must be balanced against the court's authority to control its docket." *Lockett v. Arn*, 740 F. 2d 407, 413 (6th Cir. 1984); See also *Gonzalez-Lopez*, 548 U.S. at 151-52) ("Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them. . . . We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar.") (internal citations omitted). The right to counsel of choice may not be used to unreasonably delay a trial. See *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981).

In reviewing a motion for substitution of counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in

6

communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, ___ U.S. ___; 132 S. Ct. 1276, 1287; 182 L. Ed. 2d 135 (2012). "Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion." *Id*.

The record shows that the trial court denied Petitioner's request for substitute counsel and an adjournment because the request came on the day of trial, and because Petitioner previously delayed the trial by requesting and receiving substitute appointed counsel. The court noted that Petitioner retained an attorney three weeks prior to the trial date, but counsel did not make any inquiry about the trial date. Finally, the court noted that the county had already spent significant resources in obtaining a jury pool and preparing for the trial to begin that day.

The Michigan Court of Appeals cited and relied on these facts as constituting an adequate justification for denying Petitioner's request for substitute counsel:

> With regard to defendant's constitutional right to counsel of choice, the trial court stated that it would permit Czuprynski to participate at trial with appointed counsel; however, Czuprynski decided not to because he was unprepared. To the extent defendant argues that he was erroneously deprived of the right to counsel of his choice because the court's denial of the request for adjournment led to Czuprynski's decision not to participate in trial, the public's interest in the prompt and efficient administration of justice, *People v. Aceval*, 282 Mich. App. 379, 386-387 (2009), and the demands of the trial court's calendar, *Gonzalez-Lopez*, 548 U.S. at 152, outweighed defendant's request to disrupt the judicial process for a second time to allow for preparation by Czuprynski—whom defendant had yet not met during the approximate one month that Czuprynski had been retained—where the court, the attorneys, the victim, and the citizens called into court for jury service were ready to proceed with trial at the time scheduled.
>
> Accordingly, the trial court neither abused its discretion by denying defendant's request for an adjournment nor erroneously deprived defendant of his right to counsel of choice.

*Shivers*, No. 305426, 2014 WL 310194, at *4-5.

This decision did not unreasonably apply the clearly established Supreme Court standard for

7

reviewing claims that a defendant was denied his counsel of choice. Indeed, there are scores of cases in which an appellate court has held that a defendant's right to counsel of choice was not violated precisely because the request for substitute counsel was made on the eve or day of trial. Lower court decisions may be considered for purposes of determining whether a particular state court decision is an "unreasonable application" of Supreme Court law. *Carey v. Musladin*, 549 U.S. 70, 76-77 (2006) (concluding that the fact that "lower courts have diverged widely" on the question presented "[r]eflect[s] the lack of guidance from this Court" and supports a finding that "the state court's decision was not contrary to or an unreasonable application of clearly established federal law."); *Price v. Vincent*, 538 U.S. 634, 643 n. 2 (2003) (citing lower federal and state court cases to show that the state court's adjudication was not objectively unreasonable).

A review of recent Sixth Circuit decisions alone leads to the inescapable conclusion that the Michigan Court of Appeals' decision was reasonable. See *United States v. Watson*, No. 12-1903, 2015 WL 5000651, at *5 (6th Cir. Aug. 24, 2015) (district court did not err in denying motion for substitute counsel where request was untimely made nineteen days before trial); *United States v. Domenech*, 430 F. App'x 392, 397 (6th Cir. 2011) (defendants' requests for substitute counsel were untimely when raised at the final pre-trial conference); *United States v. Fonville*, 422 Fed.Appx. 473, 480 (6th Cir.2011) (twenty-two day delay in request for substitute counsel held untimely); *United States v. Chambers*, 441 F.3d 438, 447 (6th Cir.2006) (no abuse of discretion in denying a motion for substitute counsel filed "approximately one and a half months prior to the scheduled trial date.").

Indeed, in *United States v. Whitfield*, the Sixth Circuit noted that when "'the granting of the defendant's request [for a continuance to obtain new counsel] would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference.'" 259 F.

App'x 830, 834 (6th Cir. 2008) (quoting *United States v. Pierce*, 60 F.3d 886, 891 (1st Cir. 1995)). The trial court stated sufficient grounds for denying Petitioner's request for substitute counsel. Petitioner retained substitute counsel approximately a month before the trial date, but he failed to meet with him or do anything to move for a more timely substitution. Moreover, Petitioner did not allege any compelling break-down or conflict with his second appointed counsel other than simply stating that he felt his attorney did not meet with him frequently enough. Petitioner's last-minute request for substitute counsel fits squarely into the class of cases with similar fact-patterns where a trial court's refusal to grant the request was upheld. Nothing in the Michigan Court of Appeals decision rejecting Petitioner's claim therefore involved an unreasonable application of clearly established Supreme Court law. The petition will therefore be denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claim is completely without merit. The Court will therefore deny a certificate of appealability.

The Court will, however, grant permission to appeal in forma pauperis because any appeal of this decision could be taken in good faith. 28 U.S.C. § 1915(a)(3).

V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

S/Victoria A. Roberts<br>Hon. Victoria A. Roberts<br>United States District Judge

Dated: 12/21/2015